## Emerald Chief Stock Farm v. Patrick & Bohanan, et al.

(Decided April 16, 1912.)

Appeal from Powell Circuit Court.

Verdict—Will Not Be Disturbed Unless Palpably Against Weight of Evidence.—It is not sufficient that a verdict is against the weight of the evidence, or that the court would have found the facts differently. The verdict must be palpably against the evidence or it will not be disturbed.

O'REAR & WILLLIAMS, JNO. D. ATKINSON for appellant

McQUOWN & BECKHAM and C. F. SPENCER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

L. G. Johnson and others as partners under the name of the Emerald Chief Stock Farm brought this suit to recover a balance of $375 on an account for feeding and training some horses belonging to J. C. Patrick, etc. The defendants filed an answer in which they alleged that the plaintiffs had sold one of the horses for $800 without authority and that it was worth $2,000. They also alleged that the plaintiffs had not fed and trained the horses properly or according to the contract, and that by this they had been damaged in the sum of $2,000. They pleaded both these matters as a counterclaim. The case came on for hearing before a jury and under instructions which were not excepted to, the jury found for the defendants on their counterclaim in the sum of $900 less the amount of the claim sued for, $375. The court entered judgment on the verdict and the plaintiffs appeal.

The only question made on the appeal is that the verdict is palpably against the evidence. It is insisted for the plaintiffs that the evidence shows that the defendants consented to the sale of the mare that was sold for $800 and did not complain of the sale until after the suit was brought. It is also insisted that while the evidence shows that the horses were in bad condition when delivered that this was due to their having had distemper, or as is called by the veterinary, laryngitis, and that the plaintiffs did everything they could do under the circum-

stances.   The circumstances shown tend strongly to sustain the plaintiffs, and if the case was submitted to us to determine on the merits in the first instance, we would have reached a different conclusion from that reached by the jury.   The verdict of the jury seems to us against the weight of the evidence, but this court will not disturb the verdict of a jury simply because it is against the weight of the evidence.   We only disturb the verdict of a jury when it is palpably against the evidence. There was much evidence here to sustain the verdict of the jury.   A large mass of evidence was heard; the jury saw and heard the witnesses.   We have only the stenographic report of their testimony.   The jury knew more about the taking care of horses than we do, and in a case like this the verdict of twelve practical men should not be disturbed by the court simply because we would have reached a different conclusion.

Judgment affirmed.